REDMANN, Judge.
Plaintiff appeals from the dismissal on the merits of its claim for a real estate agent’s commission. We affirm.
On the night of January 19, 1972, defendant landowner contacted plaintiff real estate agent’s president and sole shareholder, and signed a “listing agreement” granting plaintiff the exclusive right to sell (sic) and promising a 10% commission on any sale or lease of defendant’s property during the six-month time of the agreement.
Early January 20 plaintiff’s president (hereafter referred to as plaintiff) went to Florida, returning January 30. Meanwhile (perhaps on January 28), defendant and his ultimate lessee, Argeros, met through an architect who had done work for both. Argeros informed defendant of his interest in leasing defendant’s land, and defendant informed plaintiff thereof on his return on January 30. Plaintiff then called Argeros, who told plaintiff that Argeros had already made an offer (on January 28) on other land a block away. Because plaintiff also had a listing from the owner of that other land, plaintiff informed defendant that his sense of professional ethics prevented his pursuing negotiations with Ar-geros for defendant. Accordingly, when Argeros’ offer on the other land was termed unacceptable by that landowner’s counter proposal of February 3, defendant negotiated with Argeros with no assistance from plaintiff. Argeros testified that, even after he and defendant on February 6 reached a verbal understanding, of which plaintiff was informed by Argeros, plaintiff continued to urge Argeros to lease the other land rather than defendant’s land.
 Assuming that plaintiff’s “exclusive right to sell” might entitle him to a commission on a lease procured by the owner alone (but see O’Neal v. Southland Lbr. Co., 1929, 168 La. 235, 121 So. 755), we find our case substantially identical to Latter & Blum, Inc. v. Ocean Drilling & Expl. Co., La.App.1973, 272 So.2d 53, writ refused 275 So.2d 784. Although our listing agreement did not expressly oblige the agent to make reasonable efforts to find a (buyer or) lessee, such an obligation must be implied if the agreement is to be enforceable (C.C. art. 1893; see also art. 1901, requiring performance with good faith). If ethical obligations to another client prevented pursuit of the prospect defendant himself brought to plaintiff’s attention, those ethical obligations might explain declining to perform for defendant, but they do not entitle plaintiff to a commission from defendant under a contract plaintiff not only declined to perform but actively breached.
Affirmed.